RAFAEL ORTEGA, Plaintiff and Appellant, *v.* FIGUEROA & GAUTIER, Defendant and Appellee.

No. 6618.   Argued April 3, 1935.—Decided April 26, 1935.

*Carlos D. Vázquez* for appellant.   *J. Valldejuli* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is an action for damages brought by Rafael Ortega against the firm of Figueroa & Gautier, on account of an accident which occurred on August 18, 1932.   It is alleged in the complaint that the plaintiff, who was riding a bicycle on Fernández Juncos Avenue in the Municipality of San Juan, was run over by a truck belonging to the defendant, negligently driven by Juan Colón Martínez, without sounding his horn or any other warning device, and without giving any other signal of his proximity, and who was riding on the left side of the road at a speed greater than 24 kilometers per hour. The plaintiff alleges also that the defendant Figueroa & Gautier was on the date of the accident a mercantile partnership constituted in accordance with the laws of Puerto Rico, devoted to the purchase and sale of automobiles and trucks, and that the aforesaid driver of the truck which ran over the plaintiff-appellant was an employee of the defendant, acting at that moment within the scope of his employment.   The complaint concludes with a prayer that the defendant be adjudged to pay to the plaintiff the sum of $500, estimated to be the amount of the damages suffered by reason of the accident in question.

The defendant denied the essential allegations of the complaint.   It admitted that it is a mercantile partnership, and set up as a special defense that the accident which plaintiff suffered was due exclusively to his negligence, imprudence, and rashness.

The action was commenced in the Municipal Court of San Juan, which dismissed the complaint. The district court rendered a like judgment on appeal. Several errors are attributed to the court below. We shall commence with the second and last assignment, to the effect that the lower court erred "in entering judgment dismissing the complaint and in holding that the negligence of the appellant was the proximate cause of the accident, and in not holding that such accident was due to the negligence of the defendant firm, since the former conclusion is not sustained by the evidence, which shows, by a preponderance thereof, the negligence of the appellee."

The facts which the appellant considers to have been proved do not differ substantially from those which the court below thought to have been shown. According to the appellant, the following facts were proved:

"On August 18, 1932, the plaintiff and appellant, Rafael Ortega, was riding on a bicycle on the right side of Fernández Juncos Avenue, going from east to west, and a truck, of the brand Willis Knight bearing dealer's license number X2–19, was travelling in the same direction. Upon reaching the corner of Nolasco Rubio Street in Puerta de Tierra, Ortega put out his left hand at right angles, indicating his intention to cross, and did cross to the left where the truck was running. As the truck overtook the bicycle, the driver of the former failed to sound his horn or any other warning device, and gave no signal of his proximity, as a consequence of which Ortega crossed to the left, was run down by the truck and thrown to the pavement. The appellant suffered a light wound in the left arm and a heavy bruise in the chest, which prevented him from working for a period of twenty days and caused him excrutiating physical pain and mental anguish."

The court below found as proved that "on the 18th of August 1932, about 4:30 in the afternoon, the defendant was racing along on a bicycle on Fernández Juncos Avenue, in San Juan, and a Willis Knight truck, license number X2–19, was travelling in the same direction; that upon reaching the corner of Nolasco Rubio Street, formerly known as Pelayo

Street, in Puerta de Tierra, when the truck was overtaking the bicycle, the rider of the latter extended his hand at right angles and crossed toward the left, where the truck was travelling, and the bicyclist received a slight wound in the left elbow, according to the testimony of Dr. Emilio Cumpiano.''

As may be seen, it is admitted by both parties and found as proved by the lower court that the appellant, when the truck was overtaking the bicycle, put out his hand at right angles and crossed toward the left. In the opinion of the court below the signal which the plaintiff made, according to subdivision *''f''*, section 12 of the Motor Vehicle Act, was to stop and not to cross the road from right to left. The lower court states that Fernández Juncos Avenue is a much travelled public highway, where there was a probability that other vehicles would be following the plaintiff, as has been shown that they were following him; and that he was negligent in turning the corner in the manner in which he did, this negligence being the cause of the accident.

With reference to the signal mentioned by the lower court, the plaintiff says:

''I made that signal on taking the corner, in turning, while on the right, at the very moment of turning, and I sounded my bell. There was a policeman. The street where I was going to turn is now called Nolasco Rubio, formerly it was Pelayo. That street ends in the sea. I was carrying a tarpaulin to Pier Five. I was going through there on private business of my own. It is a populous place. When the truck hit me, I was going to turn toward Pelayo Street, was crossing the road from right to left, in the direction of the shore. It was when I was crossing the street that I felt the blow. I did not see the truck, if I had seen it I would not have passed. I could not see for a long distance, since when mounted on the bicycle I could look forward but not behind. I know how to ride a bicycle. I learned when I was a boy in Morovis. When one is riding on a bicycle he cannot look behind for any distance. There were persons in front. I looked behind but not very far. I did not notice the noise of the truck; I do not remember its color; I did not see the person who was driving it. At that moment I did not notice the

liccnse plates because I fell to the ground like one dead; I know that it was a truck. It was coming from Santurce toward San Juan. In the same direction in which I was going. The truck hit me with the front part of the body and not with the mudguard.''

Juan A. Piñero, witness for the plaintiff, testified among other things, as follows: ''The truck hit the bicycle with its right front part. I can not say whether it hit it with the mudguard or with the first half door. I do not know whether the truck collided with the bicycle or the bicycle with the truck. That was almost in the middle of the street; more toward the left than toward the right, and what happened was that the other went in there believing that the rider of the bicycle was perhaps not going to turn in there. I saw no more than the moment of the collision.''

Francisco Ríos, who was riding behind Ortega on a bicycle, stated that ''the truck did not sound a horn or give any other warning signal''; that Ortega was riding in front of him, ''put out his hand and turned, and when he turned, the car came and struck him, throwing him to the street.''

The witness Agapito Miranda testified that he could not tell much about the accident, that when he saw Ortega he was already on the ground, that the accident was with a truck which kept on going, and that he did not hear any horn in spite of the fact that he was about ten feet away.

Defendant's evidence consisted in the testimony of the policeman Hipólito Torres, who testified among other things the following: ''The truck was going on the left to pass the bicycle. I saw them riding along side by side for the space of two or three minutes. The truck was coming at a moderate speed. · At the same time that both vehicles were going to cross the entrance to Pelayo Street, the bicycle tried to cross, and then the truck veered more to the left to avoid the collision, but it got the bicycle. At no time did the bicycle make a signal that it was going to cross.''

The lower court, however, admits that there was a signal, but says that it was to stop and not to cross. Insisting upon this fact, which the trial court thought proved, the plaintiff argues with emphasis that the signal was made to cross and that there was no negligence on his part. In our opinion, even though the act of putting out his hand would have indicated that the plaintiff intended to cross the street, his negligence appears from his own testimony, because he made the signal "on taking the corner, in turning, while on the right, at the very moment of turning." Francisco Ríos, witness for the plaintiff, testified that Ortega put out his hand and turned. The evidence all tends to show that that is what happened. A person who, while riding on a bicycle on a public way, particularly upon a much travelled street, extends his hand and turns toward the left to cross that street at the moment of giving the signal does not act cautiously, using reasonable care. Rafael Ortega states that he looked behind but that when one is riding on a bicycle one cannot look behind very far. Whether that statement of the plaintiff is correct or not, the fact is that by his very statement he admits implicitly that he could see a certain dis-tance, and there is no doubt that he could have stopped and looked before turning toward the left. The plaintiff, in crossing the street at the very moment of giving the signal, did not give the vehicles which might have been following him an opportunity to stop and permit him to pass. If, as appears from the testimony, Rafael Ortega was guilty of negligence, it is clear that he has no right to claim damages, irrespective of the speed at which the truck was travelling. According to the plaintiff, the truck in question was travelling at a fearful speed. His witness Juan Piñero stated that it was going at a good speed, not very fast. Another witness, Francisco Ríos, testified that it was going quite fast, at a regular speed, and the witness of the defendant Hipólito Torres stated that the truck was going at a moderate

speed. The evidence introduced does not justify a judgment in favor of the plaintiff, even on the assumption that the driver of the truck was negligent.

The plaintiff urges that "the lower court erred in dismissing, for lack of jurisdiction, the motion of the appellant for particulars as to the acts or omissions constituting the negligence with which the appellant is charged in the answer, since the power of the trial court to order such particulars was absolute."

The appellee alleged as a special defense that if at the place and on the date and hour in which it is said that the facts occurred, any accident happened by virtue of which Rafael Ortega suffered any injury, such accident, if any, was due solely and exclusively to the negligence, imprudence, and rashness of said plaintiff, and that no negligent act whatever was committed by the defendant.

The plaintiff moved for particulars as to the acts or omissions constituting the negligence, imprudence and rashness attributed to the plaintiff and set up as a special defense in the answer. The lower court dismissed the motion, as it thought that it had no jurisdiction to consider it on its merits under the provisions of section 3 of the law governing appeals from municipal courts in civil cases. Assuming that the court below erred in declaring itself without jurisdiction to consider this motion, we do not think that the plaintiff has been prejudiced by the action of the court. The defendant alleged that only the defendant was to blame for the accident which occurred. The evidence adduced shows that the facts were within the knowledge of the plaintiff, who did not need any specific allegation to protect himself against the defense set up by the defendant. The negligence, as we have already said, appears from the evidence of the plaintiff himself. This assignment of error is overruled.

The judgment appealed from must be affirmed.